UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICHARD F. WILLIAMS, #70408-056,

        Petitioner,

v.                                                                                    ACTION NO.  2:19cv235

JUSTIN ANDREWS, Warden,[1]

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Petitioner Richard F. Williams ("Williams"), a federal inmate convicted in the Eastern District of North Carolina and housed in the Federal Correctional Institution in Petersburg, Virginia, filed a *pro se* petition, pursuant to 28 U.S.C. § 2241, challenging his conviction for armed robbery. ECF No. 1 at 1, 5–6. For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. It is further **RECOMMENDED** that Williams's motion for default judgment, ECF No. 12, be **DENIED**.

---

[1] After the filing of the petition, Justin Andrews was appointed warden of FCC Petersburg. It is **ORDERED** that the petition shall be deemed amended to substitute Justin Andrews, Warden, as the sole respondent in this proceeding.

## I.     STATEMENT OF THE CASE

**A.     Background**

Williams is a federal prisoner convicted in the Eastern District of North Carolina and housed in the Federal Correctional Complex in Petersburg, Virginia. ECF No. 1 at 1. Williams challenges his conviction for armed robbery, and seeks release. *Id.* at 6, 9.

On June 5, 2009, following a plea of guilty, Williams was convicted of armed robbery in the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 2111. *United States v. Williams*, No. 7:08cr101-1-FL (E.D.N.C. June 5, 2009), ECF No. 28. The court sentenced Williams to 180 months in prison. *Id.*

On June 4, 2010, Williams filed a motion to vacate his sentence asserting his counsel was ineffective, his indictment was invalid, and jurisdiction was proper in state court and not federal court. *Id.*, ECF No. 31 at 4–7. The district court found that, in his plea agreement and during his colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Williams waived his right to challenge the sufficiency of the indictment and the court's jurisdiction. *Id.*, ECF No. 44 at 3–4. The district court further found that, due to Williams' waiver, the challenges to the sufficiency of the indictment and the court's jurisdiction were not reviewable in his post-conviction action, and granted respondent's motion to dismiss these claims. *Id.* (citing *United States v. Guerra*, 70 F.3d 113, 1995 WL 674594, at *1 (4th Cir. Nov. 14, 1995); *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005)). The district court also granted respondent's motion to dismiss one of Williams's ineffective assistance of counsel claims, and denied the motion to dismiss the remaining four ineffective assistance of counsel claims allowing respondent to file a motion for summary judgment as to those claims. *Id.* at 4–6. On December 31, 2012, the district court granted respondent's motion for summary judgment with respect to the remaining four ineffective

assistance of counsel claims and dismissed the section 2255 petition. *Id.*, ECF Nos. 60–61.

The Fourth Circuit denied Williams's motion for a certificate of appealability and dismissed his appeal. *Id.*, ECF Nos. 67–70; *United States v. Williams*, No. 13-6285 (4th Cir. Apr. 23, 2013).

On May 6, 2019, Williams filed a petition pursuant to 28 U.S.C. § 2241 in this Court. ECF No. 1. On July 29, 2019, the Court ordered that respondent file an answer within 60 days from the date of the order. ECF No. 10.

On October 7, 2019, Williams filed a motion for default judgment, requesting that the Court grant the relief requested in the petition due to respondent's failure to timely respond. ECF No. 12. On October 9, 2019, the Court ordered respondent to show cause why an answer had not been filed in this case. ECF No. 13. The same day, respondent filed a motion for extension of time to file an answer, which was granted on October 16, 2019. ECF Nos. 14, 16. Respondent filed an answer to the petition on October 30, 2019, within the deadline established by the Court in the order entered October 16, 2019. ECF Nos. 16, 19.

Williams filed a reply on November 15, 2019, ECF No. 20, and the matter is now ripe for decision.

**B.    Ground Alleged**

Williams brings this section 2241 claim pursuant to the "savings clause" of 28 U.S.C. § 2255(e). ECF No. 1 at 1. Relying on the decisions issued in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) and *United States v. Davis*, 139 S. Ct. 2319 (2019), Williams alleges the conduct for which he was convicted is no longer criminal, and he seeks release. *Id.*

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    Williams's motion for entry of default should be denied.**

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Rule 55(a) authorizes the entry of a default by the Clerk upon a showing that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A court must "exercise sound judicial discretion" when considering whether to enter default judgment, "and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citing *Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.) Inc.*, 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007)). The United States Court of Appeals for the Fourth Circuit has expressed "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Two days after Williams filed his motion for default judgment, the Court entered a show cause order and respondent moved for an extension of time to file a responsive pleading. ECF Nos. 13–14. After the extension was granted, respondent filed the motion to dismiss within the deadline established by the Court. ECF Nos. 16, 19. Under these circumstances, and due to the Fourth Circuit's preference for avoiding defaults, Williams's motion for default judgment, ECF No. 12, should be **DENIED**.

**B.    Williams's petition should be denied and dismissed without prejudice due to lack of jurisdiction.**

Williams's petition challenges the lawfulness of the sentence imposed, rather than its execution. The proper mechanism for raising such a challenge is a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their

4

judgment and sentence by filing a motion to vacate sentence pursuant to [section] 2255."). The "savings clause" in 28 U.S.C. § 2255(e), however, provides an option for a federal prisoner to challenge the legality of his detention by means of a section 2241 habeas petition if section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2]

Access to relief pursuant to the savings clause is only available "in a limited number of circumstances," and "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Instead, Fourth Circuit precedent establishes that a section 2255 motion is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. A petitioner seeking to invoke the savings clause bears the burden of showing that a section 2255 motion is inadequate or ineffective. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.").

---

[2] Title 28 of the United States Code, section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

5

Williams argues that 28 U.S.C. § 2255 allows him to seek relief pursuant to section 2241 because the decisions in *Simms* and *Davis* were not reached until after his first section 2255 motion was decided. ECF No. 1 at 5. While these decisions post-dated Williams's section 2255 motion, neither decision makes the conduct for which Williams was convicted, armed robbery, no longer criminal.

A "crime of violence," according to 18 U.S.C. § 924(c)(3), is an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A)–(B). Section (A) is commonly referred to as the "force clause," and section (B) is commonly referred to as the "residual clause." *Simms*, 914 F.3d at 233. The Fourth Circuit held in *Simms* that the residual clause was unconstitutionally vague. *Id.* at 237. The Supreme Court similarly concluded in *Davis* that the residual clause was void for vagueness. *Davis*, 139 S. Ct. at 2336.

Williams was not convicted of violating 18 U.S.C. § 924. Williams was convicted of committing armed robbery in violation of 18 U.S.C. § 2111. ECF No. 1 at 1. The decisions in *Simms* and *Davis* do not address the substantive law regarding armed robbery, and do not change the law such that armed robbery is no longer criminal. As a result, Williams cannot satisfy *Jones's* second prong, that, "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 333–34.

6

Accordingly, due to Williams's failure to satisfy the second prong of *Jones*, the Court lacks jurisdiction over his section 2241 petition and it is subject to dismissal without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

### III.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Williams's petition for a writ of habeas corpus, ECF No. 1, be **DENIED and DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. It is further **RECOMMENDED** that Williams's motion for default judgment, ECF No. 12, be **DENIED**.

### IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.       A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
May 11, 2020

**Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

>Richard F. Williams, #70408-56
>FCC Petersburg
>P.O. Box 1000
>Petersburg, VA 23804

Fernando Galindo, Clerk

By   /s/ J. L. Meyers
        Deputy Clerk

May 11, 2020